## Gongaware, County Controller v. Shope

*Loughran, Loughran & Mlakar*, for plaintiff.
*H. Reginald Belden, Jr.*, for defendants.

SCULCO, J., August 29, 1974.—This is an action in mandamus brought by Wayne G. Gongaware, Controller of Westmoreland County, Pa., to declare the action of the County Commissioners of Westmoreland County, sitting as the salary board, abolishing the position of chief auditor and investigator in the controller's office, illegal and, therefore, null and void and for the reinstatement of the said position.

### FINDINGS OF FACT

1. That the Salary Board of Westmoreland County on April 13, 1972, set the salary of a Chief Auditor

and Investigator in the office of the Controller of Westmoreland County.

2. That on April 13, 1972, the Controller of Westmoreland County, Pa., hired a chief auditor and investigator.

3. That a chief auditor and investigator in the controller's office has been functioning since April 13, 1972.

4. That on April 24, 1974, at 10 a.m., the county commissioners met to transact county business as per notice posted on April 19, 1974.

5. That a meeting of the salary board was not called to order by the chairman of the salary board.

6. That Wayne G. Gongaware, controller, is the secretary and a member of the salary board.

7. That the chief auditor and investigator is an employe of the Controller of Westmoreland County.

8. That Wayne G. Gongaware, controller, as a member of the salary board and as the employer of the chief auditor and investigator was not notified nor informed that the status of the chief auditor and investigator was on the agenda of the salary board meeting.

9. That the status of the chief auditor and investigator in the controller's office was not on the agenda of the salary board meeting.

### ARGUMENT

The testimony taken during the hearing was uncertain and confusing as to whether the meeting called by the chairman was a special meeting or a general meeting, and there was also confusion as to whether the meeting of the salary board was illegally called. The only business taken up at the salary board meeting was that of chief auditor and investigator, an employe of Wayne G. Gongaware, controller.

After the county commissioners had met for approximately one hour on April 24, 1974, two of the commissioners, Robert G. Shirey and James R. Kelley, privately discussed obtaining the controller's consent and assent to certain matters, and when Robert G. Shirey, one of defendants herein, found that the plaintiff was opposed to said matters involving county business, James R. Kelley and Robert G. Shirey consulted with one another and announced that they, as the salary board, abolished the position of chief auditor and investigator in the controller's office.

The procedures for the salary board are set forth in The County Code, Act of August 9, 1955, P. L. 323, 16 PS §1625, which reads as follows:

"(a) Except as herein otherwise provided, whenever the board shall consider the number or salaries of the deputies or other employes of any county officer or agency, such officer or the executive head of such agency shall sit as a member of the board, as long as any matter affecting his office or agency is under consideration and no longer."

## CONCLUSIONS OF LAW

1. That the chief auditor and investigator was an employe of the controller.

2. That the controller was not notified that the position of chief auditor and investigator was on the agenda of the salary board meeting.

3. That the controller as the employer of the chief auditor and investigator was entitled to be present and participate in any action taken involving one of his employes.

4. That there was no legally constituted salary board to conduct salary board business.

5. That the action taken by Robert G. Shirey and James R. Kelley was arbitrary, illegal and, therefore, null and void.

## DECREE NISI

And now, August 29, 1974, it is herein adjudged and decreed that the action of James R. Kelley and Robert G. Shirey in abolishing the position of chief auditor and investigator in the controller's office was arbitrary, illegal and, therefore, null and void.

If no exceptions are filed within 20 days of this date, this decree shall become final.